# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICHARD SENTELL BROOMFIELD,

        Defendant-Appellant.

UNPUBLISHED
January 11, 2018

No.  335120
Calhoun Circuit Court
LC No.  2012-002954-FH

Before:  O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

This case is before us for the third time.  Following a jury trial, defendant was convicted of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (involving a victim who is at least 13 years of age and under 16 years of age).  Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 22 to 40 years' imprisonment.  On appeal, we affirmed defendant's convictions but remanded for resentencing due to an error in the scoring of offense variable (OV) 11.[1]  On remand, the trial court again sentenced defendant to 22 to 40 years' imprisonment.  A second appeal to this Court followed, and we again remanded for resentencing because the trial court failed to address defendant's challenges to the accuracy of information contained in the presentence investigation report.[2]  On remand, the trial court sentenced defendant to 20 to 40 years' imprisonment.  Defendant now appeals as of right. Because defendant's constitutional rights were not violated by judicial fact-finding related to the scoring of the now advisory sentencing guidelines, we affirm.

On appeal, defendant's only argument is that the trial court engaged in impermissible judicial fact-finding by scoring OV 4 at 10 points and OV 10 at 10 points.  Specifically, defendant contends that the scoring of these variables was not supported by the jury's verdict or facts admitted by defendant.  Further, defendant argues that the scoring of these variables

---

[1] *People v Broomfield*, unpublished per curiam opinion of the Court of Appeals, issued April 8, 2014 (Docket No. 314353).

[2] *People v Broomfield*, unpublished per curiam opinion of the Court of Appeals, issued July 26, 2016 (Docket No. 327199).

increased the minimum sentencing range under the legislative guidelines. According to defendant, in these circumstances, he has made a threshold showing of plain error under *Lockridge*[3] and he is entitled to a *Crosby*[4] remand for possible resentencing. Defendant's argument lacks merit.

In *Lockridge*, our Supreme Court determined that Michigan's legislative sentencing guidelines violated the Sixth Amendment to the extent that "the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score [OVs] that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Lockridge*, 498 Mich at 364. "What made the guidelines unconstitutional, in other words, was the combination of the two mandates of judicial fact-finding and adherence to the guidelines." *People v Steanhouse*, 500 Mich 453, 467; 902 NW2d 327 (2017). To remedy this defect, the Court held that the guidelines were now "advisory only" and that certain defendants "sentenced under the mandatory guidelines were entitled to *Crosby* remands for the trial court to determine whether it would have imposed a materially different sentence if it had been aware that the guidelines were not mandatory." *Id.* at 461-462. Notably, in rendering the guidelines advisory, the Court did not eliminate judicial fact-finding. See *Lockridge*, 498 Mich at 392 n 28.

> The constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range. *Lockridge* remedied this constitutional violation by making the guidelines *advisory,* not by eliminating judicial fact-finding. [*People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016).]

Post-*Lockridge*, any resentencing must be conducted in accordance with *Lockridge*'s holding, specifically the directive that the guidelines are now advisory only. *Id.* at 157.

Recognizing that "judicial fact-finding is proper, as long as the guidelines are advisory only," *id.* at 159, it is clear that defendant's arguments are without merit. Quite simply, defendant was not resentenced under mandatory sentencing guidelines, and thus any judicial fact-finding relating to the OVs has no constitutional consequences. See *id.* at 160-161. More specifically, at the most recent resentencing hearing, the trial court expressly stated on the record "that the guidelines still appear to be accurate in this case but . . . they are *advisory*" (emphasis added). Given the trial court's express acknowledgement that the guidelines are advisory, there is no merit to defendant's contention that judicial fact-finding related to the scoring of OV 4 and OV

---

[3] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[4] *United States v Crosby*, 397 F3d 103 (CA 2 2005).

10 violated his constitutional rights under *Lockridge*.[5]  Defendant has not shown any error.  He is not entitled to a *Crosby* remand, and he is not entitled to resentencing.

Affirmed.


/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle

---

[5] Defendant's argument is solely a constitutional judicial fact-finding challenge under *Lockridge*; he does not raise an evidentiary challenge to the trial court's scoring of OV 4 or OV 10.  See *Biddles*, 316 Mich App at 156.